IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CONG BIN WANG, A# 221-388-736                                    PETITIONER

V.                                                    CIVIL NO. 5:26-cv-339-DCB-RPM

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, SECRETARY,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
and M.MULLIN                                                   RESPONDENTS

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.   After consideration of the record in this case and relevant legal authority, the Court finds that this civil action should be dismissed.

I.      Background

On April 15, 2026, pro se Petitioner Cong Bin Wang ("Petitioner") filed a Petition [1] seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]   Petitioner is challenging his immigration detention at the Adams County Correctional Center in Natchez, Mississippi.   The next day, the Court entered an Order [3] directing Petitioner, on or before May 7, 2026, to file a written response to name a proper Respondent.   The Order warned Petitioner that his failure to advise this Court of a change of address or his failure to comply with any Order of this Court would result in the dismissal of this case.   On May 11, 2026, the postal service returned the envelope containing a copy of the April 16 Order [3] as undeliverable.   Ret. Mail [4].   The envelope contained a Return to Sender stamp with a check mark next to the word "Released." *Id*. at 1.

---

[1] On the same day, the Clerk mailed Petitioner a Notice of Assignment [1-2] reflecting the case number and judge assignments for this case.   The Notice also informed Petitioner how to advise the Court of a change of address and that his "failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act" that may result in the dismissal of this case.   Notice [1-2] at 1.

When Petitioner failed to comply, the Court entered an Order to Show Cause [5] directing Petitioner to show cause why the action should not be dismissed for failure to comply with the Court's Order.   The Order to Show Cause directed Petitioner to comply on or before June 3, 2026, and warned Petitioner that his failure to advise the Court of a change of address or his failure to comply would result in the dismissal of this case.   On June 12, 2026, the postal service returned the envelope containing a copy of the Order to Show Cause as undeliverable. Ret. Mail [6].   Petitioner did not respond or otherwise contact the Court.

Since Petitioner is proceeding pro se, the Court provided him with one final opportunity to comply with the Court's Orders prior to dismissal of this case.   The Court entered a Final Order to Show Cause [7] directing Petitioner to comply on or before June 29, 2026.   The Final Order to Show Cause contained the same warnings as the previous Orders.   Petitioner has not complied with the Court's Orders or otherwise contacted the Court.

II.    Discussion

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey a Court order under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action sua sponte.   *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").   The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions.   *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming sua sponte dismissal of pro se habeas petition for failure to prosecute under Fed. R. Civ. P. 41(b), noting "where there are procedural gaps in the habeas rules, the district courts have broad

2

discretion to apply the Federal Rules of Civil Procedure").

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

To date, Petitioner has not complied with three Court Orders and he has not contacted the Court to inquire about the status of this case. It appears Petitioner has also not informed the Court of his current address. The Court repeatedly warned Petitioner that failure to comply with a court order or failure to advise the Court of his current address would result in dismissal without further notice. *See Bohannan v. Redic,* No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (finding district court's two explicit warnings to pro se prisoner that noncompliance may result in dismissal was adequate use of lesser sanctions for a failure to prosecute dismissal). The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. It is apparent that Petitioner no longer wishes to pursue this habeas case. Dismissal without prejudice is warranted.

III.    Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute. A separate final

3

judgment will enter pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the 6th   day of July, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE